# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | | |
|---|---|---|
| **THEADORE W. DENTON,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:11-cv-01066-SI |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Merrill Schneider, P.O. Box 14490, Portland, OR 97239. Attorney for Plaintiff.

S. Amanda Marshall, United States Attorney, and Adrian L. Brown, Assistant United States Attorney, United States Attorney's Office, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204-2902; Jeffery R. McClain, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104-7075. Attorneys for Defendant.

**SIMON, District Judge.**

On September 19, 2012, this Court reversed the Commissioner's determination of Plaintiff's nondisability and remanded for further proceedings pursuant to 42 U.S.C. § 405(g), sentence four. (Doc. 20.) Plaintiff now moves this Court for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 22.) The Commissioner contests Plaintiff's motion, arguing that the Commissioner's position was substantially justified. Alternatively, the Commissioner argues that the amount of fees requested should be reduced. (Doc. 24.)

## STANDARD

The EAJA authorizes the payment of attorney fees to a prevailing party in an action against the United States, unless the Government shows that its position in the underlying litigation "was substantially justified." 28 U.S.C. § 2412(d)(1)(A). Although the EAJA creates a presumption that fees will be awarded to a prevailing party, Congress did not intend fee shifting to be mandatory. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). The decision to deny EAJA attorney fees is within the discretion of the court. *Id.* at 567; *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). A social security claimant is the "prevailing party" following a sentence-four remand pursuant to 42 U.S.C. § 405(g) either for further administrative proceedings or for the payment of benefits. *Flores*, 49 F.3d at 567-68 (citing *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993)).

If the Government fails to prevail in its position on the underlying issues, no presumption arises that the Government's position was unreasonable. *See, e.g., Pierce v. Underwood*, 487 U.S. 552, 569 (1988) ("Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose."). A court applies a reasonableness standard in determining whether the

Government's position was substantially justified. *Flores*, 49 F.3d at 570. "The Government bears the burden of proving its position was substantially justified." *Timms v. United States*, 742 F.2d 489, 492 (9th Cir. 1984). It must demonstrate that its position had a reasonable basis in both law and fact. *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir.1988). The reasonableness standard is met if the Government's position is "justified in substance or in the main" or "to a degree that could satisfy a reasonable person." *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir.1998); *Lewis*, 281 F.3d at 1083. The Government must justify both the original agency action and its litigation position. *Kali*, 854 F.2d at 332.

If the Commissioner's position is not substantially justified, the court has discretion to determine whether the requested fees are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 436–37 (1983). The critical factor in this analysis is the "degree of success attained." *Id.* The Ninth Circuit has recently cautioned that district courts may not reduce requested fees in social security disability appeals without explanation. *Costa v. Comm'r Soc. Sec. Admin.*, 690 F.3d 1132, 1135–37 (9th Cir. 2012).

## DISCUSSION

Plaintiff seeks an attorney fee award in the amount of $7,498.16, which represents 40.8 hours of attorney time. (Docs. 22, 22-2.) Plaintiff seeks an additional award of $367.80 for the 2 hours spent replying to the Commissioner's objection to his fee request. Pl.'s EAJA Reply at 4. The Commissioner argues that the Court should decline to award fees because his position was substantially justified; in the alternative, the Commissioner argues that Plaintiff's request for fees is excessive. (Doc. 24.)  As the parties are familiar with the facts of this case, the Court only repeats them as necessary.

**A.       Substantially Justification**

Although the Court affirmed the ALJ's decision on many of the issues, the Court ordered a remand for the ALJ to further develop the record regarding Plaintiff's migraine headaches. (Doc. 20, at 23–25.) Central to the Court's holding was the untenable juxtaposition of the ALJ's treatment of two physician's opinions, one of which he accorded significant weight, and his conclusion that "there is no evidence to confirm the alleged frequency and duration of [Plaintiff's] headaches." (Doc. 20, at 24.) The two physicians opined that additional medical evidence could confirm Plaintiff's report of the frequency and severity of his allegedly debilitating headaches. Tr. 319, 383. The ALJ's conclusion that no medical evidence supported the frequency and duration of the headaches was not necessarily incorrect, but the ALJ did impermissibly reject the physicians' suggestions that independent corroboration was possible. As such, the ALJ should have concluded that the medical evidence of Plaintiff's headaches was inadequate rather than nonexistent. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (citations omitted) (holding the ALJ's duty is triggered if the "record is inadequate to allow for proper evaluation of the evidence"). The contradiction between the ALJ's decision to place significant weight on the opinion of Dr. Bates-Smith and his tacit rejection of her suggestion that Plaintiff's headaches could be independently corroborated rendered both the ALJ's decision and the Commissioner's defense of that decision without substantial justification.

The Commissioner argues that *Tonapetyan* is distinguishable because the court in that case considered whether an ALJ properly found an impairment to be not medically determinable. Def.'s EAJA Resp. at 6–7. The operative language in the regulations and *Tonapetyan* makes it clear that an ALJ's duty is triggered when a claim cannot be properly determined without further evidence. *See Tonapetyan*, 242 F.3d at 1150 ("record is inadequate for proper evaluation of the

OPINION AND ORDER, Page 4

evidence"); 20 C.F.R. § 416.919a(b) ("evidence as a whole is insufficient to support a

determination or decision on your claim"). It is thus immaterial when the insufficiency arises.

*See, e.g.*, *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) (holding the duty was triggered

when evaluating a medical opinion). Moreover, as explained in the Court's Opinion and Order,

*Tonapetyan* is analogous to the present facts, mandating a remand. (Doc. 20, at 24–25.) In sum,

neither the ALJ's decision regarding the adequacy of the record nor the Commissioner's defense

of that decision was substantially justified.

**B.      The Amount of Fees and Costs**

The Commissioner also argues that Plaintiff's fee request is excessive because Plaintiff

was only successful on a single issue. Def.'s EAJA Resp. at 7–8. In total, Plaintiff seeks an

attorney fee award in the amount of $7,865.96, which represents 1.5 hours of attorney time at

$180.59 per hour and 41.3 hours of attorney time at $183.90 per hour. (Docs. 22, 22-2; 25, at 4.)

The Commissioner does not challenge Plaintiff's requested hourly rates, and the Court finds

them reasonable.

In Plaintiff's opening brief, he alleged errors with, among other things, the ALJ's

treatment of his testimony, the medical evidence, the lay testimony, and the RFC. (Doc. 15.) The

Court rejected each of these specific assignments of error and affirmed the ALJ on each.

(Doc. 20, at 7–21.) The Court, however, agreed with Plaintiff that the ALJ failed adequately to

develop the record. *Id.* at 23–25. The Commissioner argues that this represents success on only a

very limited basis, justifying a reduction by half in the fees requested by Plaintiff. Def.'s EAJA

Resp. at 7–8.

The most important consideration in evaluating the reasonableness of a fee request is the

"degree of success obtained." *Hensley*, 461 U.S. at 436. The Court in *Hensley* distinguished

between hours expended on unsuccessful claims that are related to the plaintiff's success and those that are "distinct in all respects from [the] successful claims." *Id.* at 434–35, 440. Distinct, unsuccessful claims should not be included in the fee award. *See id.* at 440. Related, unsuccessful claims, however, should be judged based "on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* at 435. Here, although the parties and the Court have divided Plaintiff's suit into different assignments of error for convenience, Plaintiff has only asserted a single claim for relief arising out of a set of common facts. As such, the hours cannot easily be divided "on a claim-by-claim basis." *Id.* Thus, the Court must compare the relief obtained "to the scope of the litigation as a whole." *Id.* at 440.

Although the Court found that the ALJ only committed a single reversible error, that error was significant. As a result, Plaintiff obtained a remand for further proceedings with an instruction for the ALJ to further develop the record regarding Plaintiff's headaches. (Doc. 20, at 26.) If the ALJ finds the new evidence probative, then he is to "reassess the record and then, if needed, make adjustments to [Plaintiff's] RFC." *Id.* The degree of success obtained is substantial because, depending on the character of the new evidence, the ALJ may change some or all of the findings this Court affirmed in its Opinion and Order. *See Hensley*, 461 U.S. at 438 n. 14 (holding a court may award limited fees if only "minor" relief is obtained). Indeed, at least one physician found that if the alleged severity and frequency of Plaintiff's headaches was corroborated, it would "have a significant impact on working." Tr. 383. Undoubtedly, Plaintiff's objective is to obtain a finding of disability during the operative period; this Court's order of remand enables Plaintiff to move forward with his claim. As such, the Court declines to reduce

Plaintiff's fee request because there is parity between the relief obtained and the "scope of the litigation as a whole." *Hensley*, 461 U.S. at 440.

In sum, Plaintiff's fee application is GRANTED. (Doc. 22.) Plaintiff is awarded $7,865.96 for attorney fees pursuant to 28 U.S.C. § 2412(d). EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury Offset Program, as discussed in *Astrue v. Ratliff*, __ U.S. __, 130 S. Ct. 2521 (2010). Plaintiff has filed a signed assignment requesting that the attorney fees awarded be paid directly to his counsel; the Commissioner shall honor the assignment. (Doc. 23.)

DATED this 25th day of February, 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge